KITTINGER *v.* KITTINGER.

1. ESTOPPEL—DENIAL OF TRUTH OF STATEMENTS MADE—PREJUDICE TO ANOTHER.

One is estopped from denying the truth of his own statements if his denial would mislead and prejudice another who has acted in reliance thereon.

2. DIVORCE—MODIFICATION OF DECREE—ALIMONY—ESTOPPEL.

Where it appears on defendant wife's second petition to modify decree by increasing alimony payments that plaintiff had represented to her at time divorce case was pending that his earnings were approximately $67 per week, whereas they were approximately $100 per week, and disclosure of the real facts was not made to the trial court, the court is not precluded from modifying the decree with respect to payments, notwithstanding plaintiff's earnings at time of hearing on petition for modification were slightly less than they were at time of divorce but still materially higher than as represented to defendant, hence alimony payments are increased from $15 to $30 per week.

3. SAME—PROPERTY SETTLEMENT—FRAUD—DESIGNATION OF BENEFICIARY IN INSURANCE POLICY.

Provisions of decree of divorce relating to property settlement, especially as to an insurance policy, are not disturbed because of alleged fraud on part of plaintiff husband incident thereto where record discloses that the husband did not have the right to designate the beneficiary thereunder.

4. SAME—MODIFICATION OF DECREE—ALIMONY—COSTS—ATTORNEY FEE.

Where decree of divorce is modified on appeal by increasing alimony payments to wife from $15 to $30 a week, she is awarded costs, including an attorney fee in the sum of $150.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 6, 1947. (Docket No. 41, Calendar No. 43,755.) Decided October 13, 1947.

Divorce proceedings by George H. Kittinger against Betty Kittinger. Petitions by defendant for amendment of decree. Petitions denied. Defendant appeals. Modified and remanded.

*Valenti, Bartholomew & Colombo,* for plaintiff.

*Harry J. Lippman,* for defendant.

CARR, C. J. Under date of October 22, 1943, plaintiff obtained a divorce from defendant on grounds of extreme and repeated cruelty. The decree entered required plaintiff to pay to defendant, for her support, the sum of $20 per week for a period of six months from and after October 8, 1943, and thereafter $15 per week during the lifetime of defendant, or until her remarriage. Under the caption "property settlement," plaintiff was ordered to pay defendant the sum of $200 upon receipt of written notice from her advising plaintiff of her intention to establish a permanent residence in the State of California. Plaintiff was also required to pay defendant the sum of $1 in lieu of dower and in satisfaction of all claims that she might have in any property of plaintiff. The record does not disclose what property, if any, plaintiff owned at the time.

At the time of the divorce, and for several years prior thereto, plaintiff was employed by the American Telephone & Telegraph Company. The record discloses that said employer was maintaining a plan, for the benefit of dependents of its employees, contemplating the payment of disability and death benefits. In the event of the death of plaintiff resulting from illness or accident his beneficiary under the plan, as of the date of the granting of the decree of divorce, would have received approxi-

mately $5,000. The plan did not give to any employee the right to designate his beneficiary and specifically limited payments to a surviving spouse, dependent children, and other dependent relatives of the employee. The designation of the particular beneficiary or beneficiaries entitled to benefits was vested in a committee selected in the manner prescribed by the employer.

The decree entered in the trial court permanently enjoined plaintiff from changing the beneficiary "under the terms of an agreement for death benefits with the American Telephone & Telegraph Company, as such contract or agreement is at present constituted." It was further ordered that if the plaintiff, prior to the date of the decree, had named as beneficiary under the plan any person other than defendant, he should immediately file necessary papers with his employer to constitute defendant such beneficiary. The injunctive provision was further decreed to be inoperative on the death or remarriage of defendant.

On April 29, 1946, defendant filed a petition asking for a modification of the original decree by increasing the weekly payment of alimony, and by incorporating provisions, in the nature of a property settlement, for defendant's benefit. It was alleged in said petition that the financial circumstances of the parties had materially changed, that the physical status of defendant had also changed, that the sum of $15 per week was wholly inadequate for her support, and that the "beneficial insurance interests, so-called, which may hereafter accrue to the plaintiff" under the terms of the decree, were so indefinite and uncertain as to be of little benefit to defendant. To said petition plaintiff filed his answer, alleging in substance that his income at the time was less than when the decree of divorce was

entered. He also prayed reference to the decree, and asserted that a property settlement had been made. Presumably such allegation was intended to set forth the claim that the provisions of the decree with reference to property matters were in accordance with a prior understanding between the parties.

Following the filing of the petition and the answer thereto the trial court, on July 1, 1946, entered an order reciting that sufficient change in the earnings of plaintiff, following the entering of the decree, to warrant any change in the amount of the alimony had not been established. The order further provided that defendant's petition to amend the decree be referred to the friend of the court for investigation and the taking of proofs with reference to the so-called insurance matters referred to under the "injunction" provision in the decree.

In accordance with the order, proofs were offered before the friend of the court with reference to the matters specifically referred to therein. Testimony was also taken as to the earnings of plaintiff at the time the divorce case was heard, and also at the time of the proceeding under the order of reference. Testifying in her own behalf, defendant claimed that, shortly before the trial of the divorce action, plaintiff represented to her that his actual earnings were approximately $67 per week, and that after the payments to her in the sums fixed by the decree, and certain other obligations that he had, he would have remaining only $17 per week for his own support. She further claimed that as a result of plaintiff's statements and conduct she was led to believe that he had the right to designate her as beneficiary under the plan maintained by his employer and that, in the event of plaintiff's death during her lifetime and prior to her remarriage, she would

receive the sum of approximately $5,000. It is her claim that she regarded this arrangement as in the nature of security for her benefit and protection. Defendant further testified in substance that she examined the proposed decree, prepared by plaintiff's attorney in advance of the trial of the case, and that she indorsed her approval thereon in reliance on the representations plaintiff had made to her with reference to the matters in question.

Plaintiff testified in substance that he knew at the time the decree of divorce was prepared and exhibited to defendant that the latter could not benefit under the plan of the American Telephone & Telegraph Company after the divorce was entered. He claimed, in substance, that he called the matter to the attention of his attorney and was advised that no change should be made in the proposed decree. Plaintiff further claimed that his actual earnings at the time of the divorce were slightly in excess of $100 a week, and that when the petition for modification was heard he was receiving an average of $408 per month. In accordance therewith it is his claim that his financial condition, rather than improving, has actually changed for the worse following the granting of the divorce.

Based on the showing made at the hearing before the friend of the court, defendant filed a further petition asking that the order of July 1, 1946, above referred to, be set aside and the decree modified by increasing the amount of alimony in accordance with the prayer of the petition of April 29th preceding. This petition was denied by the trial court in an order filed December 5, 1946, on the ground that there was no showing of a material change in the pecuniary circumstances, of plaintiff to warrant an increase in the amount of alimony. Said order further recited that the so-called "insurance pro-

vision'' in the decree was a matter of property settlement over which the court had no jurisdiction. Defendant's petitions were accordingly denied, and she has appealed.

The record before us clearly substantiates defendant's claim that in approving the proposed decree, and in making the settlement embodied in its provisions, she relied on plaintiff's representations as to his earnings at that time and, also, on his acts and statements with reference to her right to continue as beneficiary under the plan maintained by plaintiff's employer and to receive, in the event of his death prior to her death or remarriage, the sum of approximately $5,000, notwithstanding the divorce. The conclusion can not be avoided that plaintiff deliberately deceived defendant as to each of the matters in question for the purpose of inducing her to consent to the decree. While the testimony taken on the hearing of the divorce case does not appear in the record, it may be noted that there is no claim on plaintiff's part that he disclosed to the trial court the actual situation as to the matters concerning which defendant claims she was deceived. Neither is there any claim that the trial judge was advised as to the misrepresentations made to plaintiff by which her approval of the settlement and of the decree was obtained. It is evident that no such disclosure was made.

Under the somewhat unusual circumstances disclosed by this record, is the court precluded from modifying the decree of divorce with respect to payments of alimony? We think not. While plaintiff's earnings at the time of the hearing of the petition for modification of the decree were slightly less than they had been, according to his testimony, at the time the divorce was granted in October, 1943,

nevertheless they were materially higher than as represented to defendant. On the basis of the facts before us plaintiff may not be heard to assert that his earnings in October, 1943, were actually greater than as represented by him to defendant at that time. He may not, in other words, be permitted to claim, in view of his statements to plaintiff, made for the purpose of inducing her to rely thereon, that his actual earnings were materially in excess of the represented amount per week. The rule stated in *Chicago & Northwestern R. Co.* v. *Auditor General,* 53 Mich. 79, 86, may well be applied in the case at bar. It was there said:

"It sometimes becomes an act of simple justice in the law to hold a party to the truth of something he has asserted, and not to suffer him to aver or prove the contrary, because to do so would be to mislead and prejudice some other party who has acted in reliance upon the truth of his assertion. The rule under which this is done is a simple rule of justice."

This principle was recognized in *Robb* v. *Shephard,* 50 Mich. 189. There the plaintiff sued for damages sustained by him in consequence of being bitten by a dog. The proofs disclosed that defendant did not keep the dog but that her husband did so. However, there was testimony in the case that on the day plaintiff was injured he inquired of defendant as to the ownership of the dog and was informed the animal belonged to her. In reliance on such information plaintiff sued defendant. The trial court instructed the jury that if defendant knew the inquiry was made with reference to ascertaining who was liable for the injury sustained by plaintiff she was estopped to deny the truth of her representation. This Court sustained the charge, citing the

prior decision in *Meister* v. *Birney,* 24 Mich. 435. In discussing this subject it is said in 31 C. J. S. p. 237 *et seq.*:

"This estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. In this situation, the person inducing the belief in the existence of a certain state of facts is estopped to deny that the state of facts does in truth exist, aver a different or contrary state of facts as existing at the same time, or deny or repudiate his acts, conduct, or statements."

See, also, *Majewski* v. *Martin Brothers Barrel & Box Co.,* 230 Mich. 548; *Security Trust Co.* v. *Sloman,* 248 Mich. 419; *Sias* v. *Johnson* (C. C. A.), 86 Fed. (2d) 766. The application of the principle recognized by the cases cited, and other decisions of like import, entitles defendant to have the decree of divorce modified with reference to the amount of alimony. The weekly payment required to be made by plaintiff for the support of defendant is increased from $15 to $30 per week. The record before us does not justify the granting of the further relief sought.

An order will enter in this Court in accordance with the conclusions indicated and the case remanded to the trial court for enforcement of the decree as modified. Defendant will recover costs, including an attorney fee in the sum of $150.

Butzel, Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.