AIKEN *v.* GONSER.

1. INJUNCTION—REMOVAL OF TIMBER—FINDINGS OF COURT—WILLS.
   Finding of trial court in suit for injunction against cutting timber on lands claimed by plaintiff that defendants were the owners in fee of land in dispute which they had received from their father and that they had a vested remainder in the land of their uncle, subject to the heirs of his body, is affirmed, where it appears the grandfather's will left his realty to his 2 sons with the power to divide it between them and legacies to daughters made a lien thereon were paid by the sons and realty divided by exchange of quitclaim deeds, remainders over having been given (1) to male heirs of his body and (2) in case of no male heirs then to female heirs of his body, to each son in the other's property in the event of death without heirs correspondingly to the heirs of the other son, and defendants' father had left them as his sole heirs and the heirs apparent of their uncle.

2. ESTOPPEL—ASSERTION OF REPUGNANT RIGHTS UNDER SAME INSTRUMENT.
   A person cannot accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part as the doctrine of election, an extension of the law of equitable estoppel, prevents the assertion of repugnant rights.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Powers § 7.
[2] 19 Am Jur, Estoppel § 50.
[3] 57 Am Jur, Wills § 1562.

3. Same—Division of Property—Acquiescence.
    Plaintiffs, son of testator and widow of another son, which sons
    had divided realty left them by their father may not assert
    rights with respect to such property repugnant to the division
    thereof which the brothers and their then wives had made some
    30 years theretofore pursuant to power conferred by the will
    and acquiesced in by the parties since the division.

Appeal from St. Joseph; Simpson (John), J., presiding. Submitted January 12, 1955. (Docket No. 73, Calendar No. 46,243.) Decided March 9, 1955.

Bill by Wilda Aiken, administratrix of the estate of John M. Aiken, deceased, and Thomas F. Aiken, against Elizabeth Aiken Gonser, Carolyn Aiken Lipetz and Richmond Lumber Company to enjoin cutting of lumber. Decree for defendants. Plaintiffs appeal. Affirmed.

*D. M. Britton* (*Howard & Howard,* of counsel), for plaintiffs.

*C. L. Stickler* (*George M. Meader,* of counsel), for defendants.

Smith, J. In this case, plaintiff Wilda Aiken, the widow and administratrix of the estate of John M. Aiken, deceased, and Thomas F. Aiken, the brother of John M. Aiken, deceased, filed a bill of complaint on August 18, 1953, whereby they sought to enjoin the defendants Elizabeth Aiken Gonser, Carolyn Aiken Lipetz and Richmond Lumber Company from cutting or removing any timber or trees from certain lands situated in St. Joseph county. An injunction was issued upon the filing of the bill of complaint so enjoining defendants until further order of the court.

Defendants Elizabeth Aiken Gonser and Carolyn Aiken Lipetz are the daughters of John M. Aiken,

deceased. Defendant Richmond Lumber Company is the vendee of a contract for timber entered into with defendants Gonser and Lipetz. The material facts have been stipulated by the parties.

The father of the aforementioned John M. Aiken and Thomas F. Aiken, died on March 17, 1914, leaving a will, the pertinent provisions of which are as follows:

"3d. I do hereby give, devise and bequeath unto my 2 sons John M. Aiken and Thomas F. Aiken the use, control and possession of all real estate that I may die possessed of, each to have 1/2 of all such real estate, and each to use, control and possess such 1/2 for and during his natural life, then to descend to the male heirs of his body, and if no male heirs then to the female heirs of his body. In case either son should die without heirs of his body, then the estate hereby devised to him shall descend to the male heirs of the surviving son (being those of his body) and if there are no male heirs of his body, then to the female heirs of his body, share and share alike. I do not make a division of said real estate for the reason that I believe that the 2 sons could better divide the same to suit themselves. The use, control and possession of the real estate to my 2 sons as aforesaid is hereby given and is hereby subject to the following conditions; that my 2 sons are to pay as legacies to my 3 daughters, Alta Gunning; Louzella Ziegenfus and Mabel Aiken each the sum of $2,000 in 6 years from the date of 1 year after my decease and annually thereafter until the whole sum of $6,000 shall be paid. All such legacies shall draw interest at 6% per annum after maturity but shall not draw any interest until due and payable as herein provided. The legacies herein provided are hereby bequeathed to the said daughters and to each of their heirs and assigns forever, and each son shall pay 1/2 of the legacies aforesaid.

"4th. In case my 2 sons should both die without leaving any heirs of their body, then the property

herein named is to descend to the nearest heirs of my body share and share alike by right of representation.

"5th. The legacies mentioned to my 3 daughters are hereby made a lien upon the real estate that I may die possessed of—that is to say each of the 2 interests or estates of my 2 sons in and to such real estate shall be subject to a lien as aforesaid of $3,000.

"6th. I do hereby nominate and appoint my 2 sons John M. Aiken and Thomas F. Aiken as the joint executors of this my last will and testament, and if one should die before the duties of executor are fully performed, the surviving executor to act and perform such duties alone."

The will was duly admitted to probate on May 4, 1914, in the probate court of St. Joseph county, the sons John M. and Thomas F. Aiken being appointed executors. Pursuant to the terms of the will, John and Thomas F. Aiken paid the legacies due the 3 daughters of the deceased, and divided the real estate by the exchange of quitclaim deeds on April 8, 1919, John M. Aiken receiving the parcel which is now in dispute and on which his widow by a second marriage, Wilda Aiken, one of the plaintiffs herein, resides.

It is further stipulated that John M. Aiken had no male heirs, but has surviving him 2 female heirs by his first marriage, the defendants in the instant case.

After a full hearing, the court below was of the opinion that the will gave

"the sons the power to divide the real estate that he gave them under the will, stating that they could divide it more equitably than though he had done it. This, they did. And as stated in paragraph 5 of the will:

" 'The legacies mentioned to my 3 daughters are hereby made a lien upon the real estate that I may

die possessed of—that is to say each of the 2 interests or estates of my 2 sons in and to such real estate shall be subject to a lien as aforesaid of $3,000.'

"In the mind of the court, this clearly showed that the father left the real estate so the sons could divide it and each take an independent 1/2 interest, which they endeavored to do by the 2 quitclaim deeds."

The court continued:

"In the opinion of the court, it is clear that Thomas M. Aiken left 2 separate life estates to his 2 sons, John and Thomas F., and that he gave them the power to divide the farm between them, which they did; and he took care of his daughters by making the payments to them through a lien upon this property which was paid by each of the sons. He then caused the property, after the life estate, to descend to the male heirs to keep the farm in the family name, but if there were no male heirs, then, to the female heirs. And, in the opinion of the court, the remainder preceded by the life estate of John Aiken now has become vested in the possession of the defendants, Elizabeth Aiken Gonser and Carolyn Aiken Lipetz, and that the life estate of Thomas F. Aiken is a contingent remainder contingent upon his having heirs of his body, and upon his death without having heirs of his body will become a vested remainder in the defendants. It is now a vested remainder, but subject to the heir of the body of Thomas F. Aiken."

The court accordingly dissolved the injunction and entered a decree adjudging that defendants Elizabeth Aiken Gonser and Carolyn Aiken Lipetz are owners in fee of the lands of John M. Aiken, deceased, and have a vested remainder in the land of Thomas F. Aiken, subject to the heir of his body.

While we are in complete agreement with the findings and decree of the trial court, there is another

point in the case decisive of the issue here raised on appeal.

All of the parties to this litigation, save the vendee, Richmond Lumber Company, have lived under and acquiesced in the terms of the will in question for many years. The plaintiff, Thomas F. Aiken, accepted the will and acted in accordance with its terms. He and his brother, John (whose second wife now occupies the homestead which came to her husband under the will), qualified and acted as executors, and paid the legacies to the daughters. The brothers and their wives exchanged deeds dividing the property. It is now too late to claim that the devise under the will is void, and the legacies good, or that part is good and the rest bad.

In *Young* v. *Young,* 200 Mich 236, Willis Young, a brother of the testator, contested the probate of the will in question. He later entered into an agreement with the widow of the testator for the sale of a farm which had been devised to the widow. Willis Young subsequently deeded some of the land to his son. Some 21 years later a second will was discovered in which plaintiff Young was given the remainder over after a life estate to the widow. Plaintiff appealed from a decree dismissing his bill of complaint for accounting, to set aside probate of the first will to establish the second. The court, in sustaining the dismissal of plaintiff's bill of complaint, said (p 241):

"The positions occupied by plaintiff are inconsistent. He cannot elect to treat the first will as the last will and testament of David J. Young for the purpose of basing his title thereon to a portion of the lands conveyed thereunder, and at the same time elect to consider it invalid for other purposes."

The Court went on to quote from the case of *Hawley* v. *Dibble,* 184 Mich 298, 303, wherein it said:

"In the instant case the defendants, who are trying to contradict the terms of the deed in this respect, are claiming an undivided half interest in the lots by force of the same deed. They do not accept the instrument as a whole. They accept what is favorable to them, and attempt to reject what is unfavorable. This is just what the *Jacobs Case** holds they ought not to be permitted to do."

The Court also quoted *Stone* v. *Cook,* 179 Mo 534 (78 SW 801, 64 LRA 287), where the rule is announced (pp 545, 546):

"A person cannot accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part; and this applies to deeds, wills, and all other instruments whatever. (Citing authorities.) This doctrine of election which prevents the assertion of repugnant rights, is but an extension of the law of equitable estoppel."

Under the facts in the instant case, plaintiffs may not now deny the validity of the division of the property under the terms of the will which has been acquiesced in for some 30 years. Under the view of the case we have taken, there is no necessity for our discussion of additional matters raised on appeal.

The decree of the circuit court is affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.

---

* *Jacobs* v. *Miller,* 50 Mich 119.—REPORTER.