## FRANKLIN *v.* FRANKLIN.

1. DEEDS—GRANTEES AS TENANTS BY THE ENTIRETIES—QUIETING TITLE.

   That designation in deed of grantees, a man and woman, as husband and wife created in them a tenancy by the entireties is not open to question by heir of man who claims an interest through the man after the man's death under pleadings presented in survivor's suit to quiet title.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Husband and Wife § 66 *et seq.*

2. Fraud—Pleading—Deeds—Designation of Grantees as Husband and Wife.

Defendant's allegation of the mere fact that plaintiff, survivor of herself and defendant's father, knew at time deed naming herself and the father as grantees and referring to her as his wife, that she was not the other grantee's wife, would not constitute a sufficient allegation of actionable fraud under pleadings in survivor's suit to quiet title.

Appeal from Wayne; Fitzgerald (Neal E.), J. Submitted September 25, 1958. (Docket No. 63, Calendar No. 47,872.) Decided December 3, 1958.

Bill by Lucy Franklin against Jesse Franklin and Marian Swan, administratrix of the estate of Alexander Franklin, deceased, to quiet title. Cross bill by Jesse Franklin to have deed construed as creating a tenancy in common, rather than tenancy by the entireties, and for other relief. Decree for plaintiff on pleadings. Defendant Jesse Franklin appeals. Affirmed.

*Herbert L. Dudley* (*Roxborough & Roxborough,* of counsel), for plaintiff.

*Arthur B. Davidson,* for defendant.

The decree in this case was entered on the pleadings of the parties. Questions of law only are brought up on defendants' appeal therefrom.

The ultimate question is whether plaintiff Lucy Franklin is outright holder and owner of title to portions of certain platted lots in Detroit. Lucy claims, and the chancellor agreed, that she acquired such title by means of a duly delivered conveyance dated July 30, 1951, identifying the grantees as "Alexander Franklin and Lucy Franklin, his wife," followed by death of said Alexander Franklin 6 years later. Defendant Jesse Franklin, sole heir of Alexander, insists by his answer and cross bill

that the relationship of husband and wife at no time existed between Alexander and Lucy and that the deed in consequence created a tenancy in common. Plaintiff rejoins in her pleading that she was Alexander's wife on the date of the conveyance and that the relationship continued until Alexander's decease. She pleads further that the deed on its face created a tenancy by entirety and that defendants cannot question the apparent effect thereof. Remaining facts essential to understanding of the case appear below.

BLACK, J. (*after stating the facts*). The chancellor was right, for reasons considered at length in *Porter* v. *Landis,* 329 Mich 76, in holding that the deed created an entirety tenancy and that its designation of the grantees as husband and wife is not under these pleadings open to contradiction.

The principal cases on which defendants rely are readily distinguishable. *Wright* v. *Kaynor,* 150 Mich 7, presented the instance of a deed which did not describe or designate the 2 grantees as husband and wife. In *McNitt* v. *McNitt,* 230 Mich 303, no written instrument was produced or involved; the claim being one of oral agreement (p 304) "that the property should be conveyed to plaintiff and her husband jointly." In *Scott* v. *Grow,* 301 Mich 226 (141 ALR 819), the deed in scrutiny did not identify the 2 grantees as husband and wife. Rather, they were designated as "tenants by entireties and not as joint tenants." In *Collins* v. *Norris,* 314 Mich 145, the evidentiary question on which *Porter* turns was not raised or considered. In *Cristia* v. *Cristia,* 317 Mich 66, language appears which doubtless tends to sustain defendants' position. However, the suit was for divorce, in which case the chancellor is empowered

without regard for the question now considered to settle and determine property rights as between the contending husband and wife. For these reasons we conclude that the authorities on which defendants rely are inapplicable to the case before us.

The point most earnestly stressed by defendants is that they have a right to formal trial of what they specify as allegations of fraud. Such allegations are limited to the following:

"3. That at the inception or time of the execution of said deed to parties as grantees, as husband and wife, the plaintiff had full knowledge that she was not the wife of Alexander Franklin, but she was the wife of one Scott Webb.

"4. That the plaintiff's conduct and her knowledge, at the time of taking title to said real estate, that she was not the wife of Alexander Franklin, constituted fraud and deceit upon Alexander Franklin and his heirs."

We perceive that these allegations make no issue of fraud. Since the defendant heir—likewise the defendant fiduciary—stands, at best, in the shoes of his father, he became obligated if desirous of success to plead a case of actionable fraud upon his father. This he has not done. His cross bill is not supported by pleaded conclusions of fact on which it may be said that fraud or deceit in the preparation, delivery and recording of the deed was in some manner perpetrated by Lucy upon and against Alexander. That Lucy knew, on the occasion, that she was not in fact the wife of Alexander, of itself would constitute no fraud on Alexander. For aught these pleadings show, Alexander also may have known that Lucy was not his wife. Indeed, with such knowledge he may have caused the deed in question to be prepared in its present form and promptly recorded. If so

Alexander, and his heir in turn, would be unable to plead and prove actionable deceit.

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.