## Elton S. Botsford v. Andrew J. Murphy.

*Sale under chattel mortgage—Criterion of value.*

A chattel mortgage provided that goods seized under it should be sold at public auction after notice, and that the power of sale should be limited to so much of the property as the sale should show was

needed to pay the debt. The mortgagee, however, retailed part of the goods at private sale. *Held*, that as he did not observe the method expressly agreed on for liquidating the value of the goods, the mortgager could elect to have the amount to be sold ascertained as in other cases, and in an action on the note secured by the mortgage the jury should have been charged to find the market value of the goods sold at private sale.

Error to Allegan. Submitted Jan. 11. Decided Jan. 25.

Assumpsit. Defendant brings error. Reversed.

*Padgham & Padgham* for plaintiff in error. A mortgagee who disposes of goods in any other way than as provided in the mortgage, should be held responsible for their value at the time of sale: *Davis v. Rider* 5 Mich. 435 ; *Howard v. Ames* 3 Met. 308; *Strong v. Kennedy* 40 Mich. 327; *Case v. Boughton* 11 Wend. 107; *Charter v. Stevens* 3 Den. 33.

*Jacob V. Rogers* for defendant in error, as to the rule for fixing value, cited *Smith v. Mitchell* 13 Mich. 180 ; *Worthington v. Hanna* 23 Mich. 530; *Davis v. Zimmerman* 40 Mich. 24.

Graves, C. J. Murphy sued Botsford for a balance claimed to be unpaid on a promissory note made by the latter to the former on the 5th of August, 1878, for $650.88 with interest at 10 per cent. payable six months after date. At the time of giving the note and as part of the same transaction Botsford gave Murphy a chattel mortgage on a stock of groceries and other store articles to secure it. This mortgage was in the usual form of such instruments and, by the power of sale, it expressly provided that in case a sale should be necessary it should be at public auction after the like notice required by law for constables' sales, and it also confined the exercise of the power to so much of the property as such a sale should disclose to be necessary to sell to pay the debt, interest and reasonable expenses. By the plain provisions of the mortgage the specific mode of the sale was to be the means through which to liquidate the value of the

mortgaged chattels and consequentially determine how much of the property should be applied. Murphy took the property on the mortgage and sold a small portion at public sale. The rest he retailed at private sale.

On the trial Botsford claimed that Murphy was bound to apply on the note the actual value of the property disposed of at private sale. But Murphy contended on the contrary that he was only chargeable with what the property would have brought at just such a sale as the mortgage called for, and the circuit judge gave the case to the jury in substantial accordance with that view.

This was error. By their agreement in the mortgage as already explained the parties had provided a definite rule of action for their mutual guidance and protection and it contemplated, as we have seen, that the value of the mortgaged chattels so far as disposed of should be ascertained by sale in the very way described and that the quantity of the property to be appropriated should be defined through the same process. And when Murphy set aside this term of the agreement he repudiated the contract method for getting at the auction price or valuation and disclosing how much of the chattels it was necessary to sell. So far as the stipulation was made to confine him to a specific mode of disposal he rejected it and broke it, and then asked to have it applied as fully for his advantage as though he had kept it. It was not his province to contemn and violate the agreement in one breath, and in the next proceed to shelter himself under it and hold Botsford to it.

He could not treat the provision as rescinded in respect to himself or in respect to the obligation it imposed upon him, and at the same time as in force for his benefit as against the other party to it. Having refused to carry into execution the stipulation for raising a criterion of auction value he remitted Botsford to the right to demand the value according to the only existing criterion, that of the market. The effect was to give Botsford an election to have the amount ascertained as in other cases where there is no specific agreement in force to regulate the subject. The jury

should have been charged to find the market value of the goods sold at private sale. There is no other question calling for comment.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.