HOLZBAUGH *v.* DETROIT BANK & TRUST COMPANY.

1. ESTOPPEL—ASSERTION OF REPUGNANT RIGHTS UNDER SAME INSTRU-
MENT.

A person cannot accept and reject the same instrument, or,
having availed himself of it as to part, defeat its provisions
in any other part as the doctrine of election, an extension of
the law of equitable estoppel, prevents the assertion of re-
pugnant rights.

2. WILLS—ACCEPTANCE OF BEQUESTS—ESTOPPEL.

Daughters of testator who for period of 18 years had accepted
specific bequests under will and net income from testamentary
trust therein set up were estopped from denying validity of
bequests of remainder to charity by their election to accept its
provisions for them.

3. SAME—ACCOUNTING.

Heirs of testator *held,* entitled to accounting sought under tes-
tamentary trust, limited to such issue as may be raised in
probate court and subject to limitations imposed by law.

Appeal from Wayne; Bowles (George E.), J. Sub-
mitted November 7, 1962. (Calendar No. 45, Docket
No. 49,629.) Decided November 4, 1963.

Bill by Esther Holzbaugh, Harriett Hartwig Sher-
wood, Evelyn Hartwig Johnston and Marian Hart-
wig Johnston against the Detroit Bank & Trust Com-
pany, a Michigan banking corporation, Samuel H.
Olsen, Prosecuting Attorney, Wayne County, and

---

. REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Estoppel § 33 *et seq.*
[2] 19 Am Jur, Estoppel § 156.
   57 Am Jur, Wills §§ 1562–1565.
[3] 54 Am Jur, Trusts §§ 506–512.

the Detroit Community Trust, a charitable trust, to declare void certain provisions in the trust under the will of William J. Hartwig, for distribution of remaining funds to heirs-at-law, for accounting and for other relief. Attorney General of the State intervened as party defendant. Bill dismissed on motions of all defendants. Plaintiffs appeal. Affirmed.

*Francis K. Young* (*C. Joseph Belanger,* of counsel), for plaintiffs.

*Corliss Leete & Moody* (*Alexander P. Leete,* of counsel), for defendant Detroit Bank & Trust Company.

*Miller, Canfield, Paddock & Stone* (*William G. Butler* and *George E. Parker, III,* of counsel), for defendants Detroit Bank & Trust Company and Detroit Community Trust.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *Peter Karapetian,* Assistant Prosecuting Attorneys, for defendant Prosecuting Attorney of Wayne County.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *Irving B. Feldman* and *Wilbur De Young,* Assistant Attorneys General, for intervening defendant Attorney General of the State of Michigan.

Smith, J.   Plaintiffs appeal from an order dismissing their bill of complaint upon separate motions of defendants and the attorney general, intervening party, before answer and trial.

Plaintiffs are daughters of the late William J. Hartwig who died testate in 1941. The will was

admitted to probate over objections (not now in issue) of present plaintiffs. After specific bequests to plaintiffs, his grandchildren, a sister, a son-in-law, his housekeeper, and a Masonic lodge, the testator devised and bequeathed to named trustees the residue of his estate. Trustees were directed to pay specified amounts to certain nieces and nephews of his and of his deceased wife, and to his brothers and sisters.

The net income from the trust was ordered paid to his daughters "in equal shares". The testator expressed a desire that his daughters receive not less than $5,000 per year, with instructions to invade the corpus if necessary. The trust was established to continue for a maximum of 20 years after testator's death. Upon termination, after payment of any other obligations and $200,000 equally to grandchildren, the remainder was directed to be paid to "charitable institutions in Wayne county, Michigan, to be selected by my trustees, divided as follows: One-third (1/3) for the benefit of Protestant orphans and old people; One-third (1/3) for the benefit of Roman Catholic orphans and old people; One-third (1/3) for the benefit of colored orphans and old people."

Further directions were given by the testator as follows:

"Should my trustees for any reason fail or be unable to designate such charitable institutions, then such residue shall be paid and delivered to Detroit Community Trust with instructions to devote the same to the charitable purposes above mentioned."

. The deceased's estate was administered and was closed in 1946; plaintiffs do not deny receipt of notice. Trustees have since filed annual accountings with notice to plaintiffs.

It is asserted that plaintiffs have received, according to probate court records, approximately $400,000 from this testamentary trust. Plaintiffs admit "exactly what appears as of record in the probate court." With accretions over the years, trust property is now estimated at approximately 1 million dollars. In an omnibus bill of complaint consisting of 48 numbered paragraphs, plaintiffs seek to invalidate the trust as contrary to public policy and to have that portion of the corpus designated for charity distributed to them under the laws of descent and distribution as intestate property. They also seek an accounting, claiming that over the life of the trust, the successor trustee has improperly assigned capital gains, stock dividends, and other income to the corpus of the estate.

The trial judge dismissed, basing his order primarily upon estoppel, laches, and acquiescence. We quote from his opinion:

"Defendants individually press their motions to dismiss on the theories of estoppel, laches, and acquiescence. As noted in 96 CJS, Wills, § 1149:

" 'It is well settled that a legatee or devisee who accepts the benefits of a will is estopped to deny its validity.'

"See, also, 57 Am Jur, Wills, § 802, and 28 ALR 2d 116. To use the language of *Lilly* v. *Townsend,* 110 Mich 253:

"If one accepts benefits because she was then satisfied with the will or because she has made up her mind to accept its provisions, then she is estopped from contesting the will.

"Laches is grounded upon unconscionable delay; it strikes at stale claims of those who sit upon their rights. Where there is long delay without explanation the doctrine may be invoked. See *Sprague* v. *Trustees of the Protestant Episcopal Church Diocese of Michigan,* 186 Mich 554, and *Chesnow* v. *Nadell,* 330 Mich 487.

"Acquiescence, a related doctrine, emphasizes the element of consent to that which is happening or has happened. See *Hope* v. *Detroit Trust Co.*, 275 Mich 213.

"Certainly in this case plaintiffs were fully aware of the provisions made for them and year by year took under the will knowingly; now, inconsistently, having benefited from the provisions of the will they hope to strike down its provisions for charity and take as heirs-at-law under the statutes of descent and distribution.

"It is held that this is a case that clearly raises issues of estoppel, laches and acquiescence and that plaintiffs should fail on these theories and upon these doctrines."

Based upon sound reason and ample precedent, we agree with the trial court's conclusion that plaintiffs are estopped from asserting invalidity of the testamentary trust. In the recent case of *Aiken* v. *Gonser*, 342 Mich 29, this Court reaffirmed what has always been the rule in this State, that is, that "A person cannot accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part as the doctrine of election, an extension of law of equitable estoppel, prevents the assertion of repugnant rights." (Headnote in *Aiken, supra.*)

This Court held in the leading case of *Jacobs* v. *Miller,* 50 Mich 119, 126, 127, as follows:

"Among the rules which have become axiomatic is one that a party must be consistent and not contradictory in the positions which he takes. In the language of Lord Kenyon he must not 'blow hot and cold' at the same time. And 1 of the most important applications of the rule is where a party endeavors to establish a right or title in himself under 1 provision or implication of a deed or other instrument by ignoring or contradicting another provision or

implication which is destructive or fatally repugnant. Now according to the reason of the rule, which applies as well to deeds as to wills, a person cannot claim under the instrument without confirming it. He must found his claim on the whole and cannot adopt that feature or operation which makes in his favor and at the same time repudiate or contradict another feature or operation which is counter or adverse to it." Citing a number of English and American cases, including *May* v. *Tillman,* 1 Mich 262, *Farmers & Mechanics' Bank* v. *Bronson,* 14 Mich 361, and *Botsford* v. *Murphy,* 47 Mich 537.

See, also, *Hawley* v. *Dibble,* 184 Mich 298; *Young* v. *Young,* 200 Mich 236; and *Stone* v. *Cook,* 179 Mo 534 (78 SW 801, 64 LRA 287).

Herein, where plaintiffs have accepted benefits for 18 years from the very same trust which they now seek to void, it is a proper application of the rule to declare that they are estopped to deny its validity having long since made their election to accept its provision. In view of this disposition, it is unnecessary to discuss the multitudinous issues to which we are invited by plaintiffs. As to the claim for an accounting, it is conceded that this issue may be raised in probate court, subject, of course, to whatever limitations are imposed by law.

Affirmed. Costs to appellees.

Carr, C. J., and Dethmers, Kelly, Kavanagh, and Souris, JJ., concurred with Smith, J.

Black, J., concurred in result.

O'Hara, J., took no part in the decision of this case.