143 Ill. App.3d 438 (1986)
493 N.E.2d 70
In re ESTATE OF ANNA M. JOFFE, Deceased (Philip H. Manasse et al., Petitioners-Appellants,
v.
Leonard Holleb et al., Respondents-Appellees).
No. 85-2038.
Illinois Appellate Court  First District (2nd Division).
Opinion filed May 6, 1986.
*439 Defrees & Fiske, of Chicago (Timothy J. Riordan, of counsel), for appellants.
Sidley & Austin, of Chicago (Edna Selon Epstein and James J. Carroll, of counsel), for appellees.
Judgment affirmed.
JUSTICE SCARIANO delivered the opinion of the court:
The petitioners-appellants, Charlotte Frank and Philip Manasse, appeal from an order of the trial court dismissing their petition to contest the validity of the will of their grandmother Anna M. Joffe. The trial court predicated its decision to dismiss on the doctrine of election, which prohibits a party from both accepting a benefit conferred by a will while simultaneously maintaining an action to contest the validity of that document. Since both petitioners had accepted specific legacies granted them under Mrs. Joffe's will, the trial court found that petitioners had ratified the will and were preempted from maintaining a will contest action. We affirm the trial court's order.
Several issues are raised on appeal. Initially, petitioners contend that they did not make a binding election when they accepted their bequests, as they were purportedly unaware of pertinent facts which would have led them to challenge the will rather than accept the legacies. Assuming that an election was made, petitioners alternatively posit that they tendered back the benefits conferred on them by the contested will without prejudicing the estate by their temporary retention of the bequests. Because of this, petitioners assert that the trial court erred in dismissing their petition to have the will set aside. Petitioners further contend that their answer to respondent's motion to dismiss the petition raised factual questions and that the trial court erred by failing to hold a jury hearing on those issues. Finally, petitioners allege that error occurred when the trial court failed to strike certain portions of respondent's trial brief.
The facts are not substantially in dispute on appeal. The decedent, Anna M. Joffe, had two daughters, Sylvia Manasse and Lois Holleb. Mrs. Manasse predeceased her mother, passing away in 1981. Mrs. Joffe died three years later, on August 7, 1984, leaving an estate valued at approximately $340,000. At the time of her death, in addition to Mrs. Holleb, decedent was survived by five grandchildren. Two of them, Mrs. Manasse's children, were petitioners below and appellants herein. The other three grandchildren, Adelyn Philko, Steven *440 Weinstein and James Weinstein, were Mrs. Holleb's children.
Under her last will, each of Mrs. Joffe's five grandchildren was to receive a legacy of $2,500. A longtime friend, Hannah Barry, was to receive a legacy of $2,000. The residue of Mrs. Joffe's estate was to go to her sole surviving daughter, Lois Holleb. The will further provided that Mrs. Holleb, along with her husband, Leonard Holleb, were to be coexecutors of the estate. This will was admitted to probate on August 20, 1984. On October 3, 1984, each of the specific legatees under the will was sent a check in full satisfaction of his or her legacy. No surety bond was requested to secure those checks by the estate. The legatees, including petitioners, cashed their checks sometime after receiving them.
After accepting their legacies, petitioners claim that they became aware that under prior wills of the decedent, their mother would have been entitled to one-half of the residual estate; petitioners also learned that they would have succeeded to their mother's interests under the terms of those wills. Petitioners asserted that they only belatedly learned that Leonard Holleb was instrumental in obtaining the changes in decedent's will which truncated their mother's interest in the estate. Based on this new information, petitioners decided to challenge the validity of their grandmother's will, and on February 20, 1985, they filed suit to have the will set aside, charging a lack of testamentary capacity and undue influence. On March 21, 1985, respondents filed their motion to dismiss, alleging that petitioners had ratified the will by their acceptance of the $2,500 legacies. On about the same date, petitioners tendered checks to the estate in the amount of their legacies, but the executors refused to accept them. The trial court, as noted, ultimately dismissed the petition to contest the will, finding that petitioners had ratified the will by their acceptance of the bequests.
The dispositive issues on appeal are the initial questions raised: whether petitioners did make an election ratifying the will, and whether they should be held to that election.
 1, 2 Both parties recognize the general equitable doctrine of election. Under that doctrine, one cannot simultaneously accept benefits conferred by a will while setting up claims contrary to the terms of the document itself. Rather, one accepts or rejects the instrument in its entirety, and cannot pick and choose those clauses one finds most advantageous. (Wilbanks v. Wilbanks (1856), 18 Ill. 17; Remillard v. Remillard (1955), 6 Ill.2d 567, 129 N.E.2d 744; Kyker v. Kyker (1983), 117 Ill. App.3d 547, 453 N.E.2d 108.) The result of this rule is that once a beneficiary under a will has accepted a benefit *441 granted by the will, he will be estopped from asserting any claim contrary to the validity of the will. Here, the rule would operate to effectuate a ratification of Mrs. Joffe's will by petitioners. They received checks, and cashed them, in October 1984. These legacies clearly constitute a benefit obtained by operation of the will. See In re Estate of Johnson (1976), 39 Ill. App.3d 246, 253, 350 N.E.2d 310.
 3 The doctrine of election, however, is not absolute and is subject to exception. Two such exceptions have been recognized in Illinois. Under the first exception, it is well established that one may take under a will and still be free to challenge any provisions of the will which are contrary to law or public policy. (Chaney v. Baker (1922), 302 Ill. 481, 484, 135 N.E. 14; In re Estate of Gerbing (1974), 22 Ill. App.3d 454, 458, 318 N.E.2d 117, aff'd in part and rev'd in part on other grounds and remanded (1975), 61 Ill.2d 503, 337 N.E.2d 29.) Additionally, acceptance of a bequest under a will must have been made with full knowledge of the facts and circumstances surrounding the execution of the will, and acceptance of the benefit must not have been procured by fraud or mistake. Where acceptance is fraudulently induced, or where acceptance has been made based on ignorance of material facts, such acceptance will not function to preclude a beneficiary from challenging the will. (Kyker v. Kyker (1983), 117 Ill. App.3d 547, 453 N.E.2d 108.) The former exception is not relevant to the instant case; petitioners claim, however, that they fall squarely within the purview of the latter exception.
 4 There is a superficial appeal to petitioners' argument that at the time they accepted the $2,500 bequests, they were unaware of all the material facts surrounding the execution of Mrs. Joffe's will, and thus cannot be charged with having made a knowing election. In Wilbanks v. Wilbanks (1856), 18 Ill. 17, 21, a seminal case on the election doctrine in Illinois, the court stated:
"The party [making the election] is entitled to a full knowledge of the circumstances, and of the situation and value of the estates or provisions made; and an election made in actual ignorance of material facts will not preclude the party from exercising the right anew upon obtaining full information."
In the instant case we need not determine whether or not petitioners made a knowing election when they accepted the $2,500 checks in satisfaction of their legacies. We can assume, for purposes of the instant appeal, that petitioners were unaware at the time they accepted their bequests that prior wills would have entitled them to a far larger share of the estate; we can further assume that petitioners were unaware at that juncture of any claim of undue influence on the part of *442 respondents. Even in light of these assumptions, we must still find an election to ratify the will was made.
As in Kyker, we find it appropriate to focus on petitioners' conduct at the time the will contest petition was filed. At that time, if not earlier, petitioners must have been aware of all the facts material to the execution of the will; this much, at least, is manifest from the very fact that the will contest was filed.
"[Petitioner] asserted in her will contest petition that the testator did not possess the requisite testamentary capacity to execute the will and that [respondent] executed undue influence over the testator. At the time petitioner evidenced her unequivocal acceptance of the bequest by cashing the $500 check that represented the full amount of her legacy under the will, her action contesting the will had been on file for over three months. Thus, it is clear, given the grounds of her petition, that she was fully aware of the circumstances surrounding the execution of the will that she alleged in her original pleading in this cause." (Kyker v. Kyker (1983), 117 Ill. App.3d 547, 552, 453 N.E.2d 108.)
On February 20, 1984, petitioners knew all the material facts. At that time, petitioners neither returned the bequests or even offered to return them in the petition. Rather, they retained the monies paid them in satisfaction of their bequests. They must be deemed to have made an election at that time, had they not done so before, for this action of retaining the $2,500 bequests was in derogation of the claim that the will which allowed them this benefit was invalid. The doctrine of election was clearly designed to address such inconsistent positions as this, and to preempt such activity.
 5 Despite this election, petitioners claim that their tender back to the estate of the benefits earlier received by operation of the will permitted them to maintain their will contest action. As with the first issue, we deem Kyker controlling, and must reject petitioners' argument.
The court in Kyker did note a "possible third exception" to the doctrine of election, not yet recognized in Illinois: the timely tender or repayment of the benefits received under a will, where the estate is not prejudiced by the temporary acceptance, will allow the beneficiary to challenge the validity of the will. The will contestant in Kyker did not fall under this exception because she accepted the bequest after she had filed the will contest, and did not tender the bequest until three months had passed. Under those circumstances, the tender could not be held timely, and the exception was unavailing for the will *443 contestant. Notably, the Kyker court did not adopt the third exception in light of its lack of applicability to the facts.
Similarly herein, we cannot say that petitioners tendered the legacies back in a timely fashion. Although they knew on February 20, 1984, all the facts necessary to initiate the will contest, they retained the monies. They waited over a month before attempting to restore the funds to the estate.
"[L]ack of prejudice alone is not sufficient to permit the rescission of an election to accept the benefits under a will made by one with full knowledge of the circumstances. This is not to say that a beneficiary should not be granted a reasonable time after the receipt of a bequest in which to make an election to accept or reject it and be permitted to reject it as long as she acts within a reasonable period of time and without prejudice to other parties in the estate. However, where, as here, the beneficiary has made an election to accept the benefits of a will with full knowledge of the relevant facts and circumstances and without that election being induced by fraud or mistake, she is bound by that election and cannot change her mind and be permitted to contest the will by tendering back those benefits." (Kyker v. Kyker (1983), 117 Ill. App.3d 547, 554, 453 N.E.2d 108.)
Petitioners herein had the $2,500 legacies over four months when they filed the will contest petition. They waited for another month to pass before they finally moved to return the legacies. This hardly qualifies as a timely tender back of the benefits. Nor can we find that a total of five months is a reasonable period of time to allow petitioners to decide to contest the will or not. In sum, it appears that petitioners should have repaid the estate prior to initiating the will contest. Rather than do so, petitioners elected to retain the funds. This they cannot do while attacking the will which granted them the money in the first place.
 6 Finally, we note that the Kyker court rejected the argument that beneficiaries could retain benefits when they stand to gain a larger share of the estate if a will contest is successful. We concur in that judgment. Acceptance of a contrary position would require us to speculate as to what share petitioners would actually be entitled to if the will is set aside. We will not engage in such conjecture.
Inasmuch as we find that petitioners made a binding election, thereby ratifying the will, and in light of our conclusion that petitioners cannot evade that election by tendering back, we need not address the claims that the trial court should have granted petitioners a jury *444 hearing on the merits of their claim, or that the trial court should have stricken portions of respondent's trial brief.
For the reasons set forth above, we affirm the trial court's judgment.
Affirmed.
BILANDIC, P.J., and STAMOS, J., concur.