FLORENCE v DEPARTMENT OF SOCIAL SERVICES

Docket No. 169058. Submitted November 15, 1995, at Detroit. Decided January 16, 1996, at 9:20 A.M.

Marsha Florence brought an action in the Wayne Circuit Court against the Department of Social Services, alleging wrongful termination from employment in violation of the Handicappers' Civil Rights Act (HCRA), MCL 37.1202(1)(b); MSA 3.550(202)(1) (b), and the Civil Rights Act (CRA), MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). The court, Edward M. Thomas, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. A settlement agreement between the plaintiff's union and the defendant, which the plaintiff did not sign, did not bar the plaintiff's action based on her statutory civil rights. The trial court erred in granting the defendant's motion for summary disposition.

2. Even if, pursuant to the settlement agreement between the defendant and the union, the plaintiff is deemed to have resigned for purposes of interpreting the collective bargaining agreement, that does not mean that she is deemed to have resigned for purposes of her claims under the HCRA and the CRA. The trial court erred in granting the defendant's motion for summary disposition on the basis of the statute of limitations.

Reversed.

1. LABOR RELATIONS — UNIONS — DUTIES.

A union speaks for its members and its duty is to make and uphold the terms of a collective bargaining agreement for its members; a union does not have a duty to pursue for its members rights possessed independent of the collective bargaining agreement.

2. LABOR RELATIONS — CIVIL RIGHTS — COLLECTIVE BARGAINING AGREEMENTS.

Employees in Michigan have an independent, nonnegotiable right

REFERENCES

Am Jur 2d, Labor and Labor Relations § 3305.
See ALR Index under Civil Rights and Discrimination; Collective Bargaining.

not to be discriminated against on the basis of a handicap; claims under the Handicappers' Civil Rights Act and the Civil Rights Act concern nonnegotiable state rights that are entirely independent of a collective bargaining agreement between an employee-claimant's union and the employer (MCL 37.1101 *et seq.*, 37.2101 *et seq.*; MSA 3.550[101] *et seq.*, 3.548[101] *et seq.*).

3. CIVIL RIGHTS — LABOR RELATIONS — CONTRACTS.

An employee's statutory rights under the Handicappers' Civil Rights Act and the Civil Rights Act are of a distinctly separate nature from the employee's contractual rights pursuant to a collective bargaining agreement (MCL 37.1101 *et seq.*, 37.2101 *et seq.*; MSA 3.550[101] *et seq.*, 3.548[101] *et seq.*).

*Martin A. Scott,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon* and *Steven B. Flancher,* Assistant Attorneys General, for the defendant.

Before: FITZGERALD, P.J., and WAHLS and M. H. CHERRY,* JJ.

WAHLS, J. Plaintiff appeals as of right an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) in this action alleging wrongful termination from employment contrary to the Handicappers' Civil Rights Act (HCRA), MCL 37.1202(1)(b); MSA 3.550(202)(1)(b), and the Civil Rights Act (CRA), MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). We reverse.

On or about October 17, 1988, defendant hired plaintiff for the position of College Trainee IV, despite defendant's knowledge of plaintiff's severe hearing problem. According to plaintiff, defendant refused repeated, reasonable requests for accommodation of the handicap during her training program. Following her training, plaintiff was un-

* Circuit judge, sitting on the Court of Appeals by assignment.

able to perform her job adequately and was discharged on July 14, 1989.

Following her discharge, plaintiff filed a grievance through her union, United Automobile Workers Local 6000. Eventually, the union and defendant entered into a settlement agreement pursuant to which defendant changed its records to state that plaintiff had resigned. Plaintiff did not participate in the settlement proceedings and did not sign the agreement.

After the settlement agreement had been signed by plaintiff's union representative and defendant, plaintiff filed this suit against defendant alleging wrongful termination. Defendant moved for summary disposition on the ground that plaintiff's statutory claims were barred by the grievance settlement and the statute of limitations. In addition, defendant contended that plaintiff would not have been hired but for misrepresentations by a third party. The trial court agreed with defendant's claim that plaintiff's suit was barred by the grievance settlement and the statute of limitations. However, the trial court found no merit to defendant's argument regarding the alleged misrepresentations.

I

Plaintiff argues that the settlement agreement between plaintiff's union and defendant did not bar an action based on her statutory civil rights. We agree. When reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(7), this Court must accept as true plaintiff's well-pleaded allegations, and construe them in a light most favorable to plaintiff. *Diversified Financial Systems, Inc v Schanhals,* 203 Mich App 589, 591; 513 NW2d 210 (1994). The motion should not be

granted unless no factual development could provide a basis for recovery. *Jozwiak v Northern Michigan Hosps, Inc,* 207 Mich App 161, 166; 524 NW2d 250 (1994). This Court reviews a summary disposition determination de novo as a question of law. *Turner v Mercy Hosps & Health Services of Detroit,* 210 Mich App 345, 348; 533 NW2d 365 (1995).

Although a union speaks for its members, its duty is to make and uphold the terms of a collective bargaining agreement for its members. *Lowe v Hotel & Restaurant Employees Union,* 389 Mich 123, 145; 205 NW2d 167 (1973); *Ramsey v Pontiac,* 164 Mich App 527, 538; 417 NW2d 489 (1987). However, a union does not have a duty to pursue for its members rights possessed independent of the collective bargaining agreement. See *id.,* pp 537-538.

Here, it is true that plaintiff's union reached an agreement with defendant concerning plaintiff's contractual grievance. However, plaintiff's claims in this suit do not arise out of the collective bargaining agreement. It is an "incontestable," "black-letter statement of law" that employees in Michigan have " 'an independent, nonnegotiable right not to be discriminated against on the basis of handicap.' " *Welch v General Motors Corp,* 205 Mich App 517, 521; 517 NW2d 819 (1994). (Citations omitted.) Similarly, claims under the CRA concern nonnegotiable state rights that are entirely independent of the collective bargaining agreement. *Sargent v Int'l Brotherhood of Teamsters,* 713 F Supp 999, 1014 (ED Mich, 1989). Accordingly, plaintiff had a right to proceed in this case on her claims pursuant to the HCRA and the CRA regardless of the agreement that her union signed with respect to her contractual grievances.

*Welch, supra,* p 521; *Ramsey, supra,* p 538; *Sargent, supra,* p 1014.

In an analogous context, the United States Supreme Court held that an individual does not forfeit a private cause of action under title VII by pursuing a grievance to final arbitration under the nondiscrimination clause of a collective bargaining agreement. *Alexander v Gardner-Denver Co,* 415 US 36, 49-50; 94 S Ct 1011; 39 L Ed 2d 147 (1974); see also *McDonald v City of West Branch, Michigan,* 466 US 284, 292; 104 S Ct 1799; 80 L Ed 2d 302 (1984) (same holding with respect to a claim under 42 USC 1983). While this Court is not bound by federal precedent based on title VII of the federal Civil Rights Act, those precedents analogous to questions presented under the CRA are highly persuasive and will be considered. *McCalla v Ellis,* 180 Mich App 372, 377-378; 446 NW2d 904 (1989). In *Alexander, supra,* pp 49-50, the Court reasoned that an employee's contractual and statutory rights were of a distinctly separate nature. We adopt that reasoning. As with the statutory rights guaranteed by title VII, the rights conferred by the HCRA and CRA concern "not majoritarian processes, but an individual's right to equal employment opportunities." *Id.,* p 51.

Defendant argues that *Stefanac v Cranbrook Educational Community (After Remand),* 435 Mich 155; 458 NW2d 56 (1990), supports the trial court's holding that the grievance settlement barred plaintiff's claim. However, in *Stefanac,* p 160, the plaintiff signed a release of claims upon her resignation. That document released the defendant from "any and all claims, demands, actions and causes of action" which the plaintiff may have had against the defendant. Here, in contrast, plaintiff never signed the agreement between her union and defendant. In addition, the agreement does

not purport to release or waive any claims that plaintiff may have had against defendant. Accordingly, *Stefanac* is distinguishable.

The trial court erred in granting defendant's motion for summary disposition. The settlement of plaintiff's contractual grievance against defendant did not bar plaintiff's statutory civil rights claims.

II

In moving for summary disposition, defendant made the alternative argument that plaintiff's claims were barred by the statute of limitations. The parties do not dispute that the applicable period of limitation is three years. See *Sumner v Goodyear Tire & Rubber Co,* 427 Mich 505, 510; 398 NW2d 368 (1986). This action was filed on July 14, 1992, which was within three years of the date on which plaintiff was separated from employment. However, defendant argued that the grievance settlement converted plaintiff's termination into a resignation. The trial court granted defendant's motion on this basis as well as the basis discussed in issue I, *supra.* We agree with plaintiff that this alternative ruling was also in error.

The only evidence that plaintiff's employment termination was a resignation—and not a discharge—was the grievance settlement, a document that plaintiff did not sign. As stated above, employees in Michigan have " 'an independent, nonnegotiable right not to be discriminated against on the basis of handicap.' " *Welch, supra,* p 521. (Citation omitted.) Similarly, claims under the CRA concern nonnegotiable state rights that are entirely independent of the collective bargaining agreement. *Sargent, supra,* p 1014. Accordingly, even if plaintiff is deemed to have resigned from her employment for purposes of interpreting the collective

bargaining agreement, that does not mean that she is deemed to have resigned from her employment for HCRA and CRA purposes. See *Alexander, supra,* pp 49-50.

Construing plaintiff's well-pleaded allegations in a light most favorable to plaintiff, *Schanhals, supra,* p 591, plaintiff was discharged from her employment. MCL 37.1202(1)(b); MSA 3.550(202)(1)(b); MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). The trial court erred in granting defendant's motion for summary disposition on the basis of the statute of limitations. *Jozwiak, supra,* p 166.

III

Plaintiff makes an additional argument that the trial court correctly ruled that alleged misrepresentations by a third party could not be imputed to plaintiff. Because defendant did not file a cross appeal regarding this issue, it is not properly before this Court.

Reversed.