561 N.W.2d 130 (1997)
221 Mich. App. 273
In re BEGLINGER TRUST.
Mary-Lynn HEYD, David Beglinger and James Beglinger, Contestants-Appellants,
v.
Margaret BEGLINGER, Trustee, and Judy Ann Champine, Trustee, Respondents-Appellees.
Docket No. 183730.
Court of Appeals of Michigan.
Submitted July 10, 1996, at Grand Rapids.
Decided January 28, 1997, at 9:10 a.m.
Released for Publication April 9, 1997.
*131 Warner Norcross & Judd LLP by Peter L. Gustafson, Jeffrey O. Birkhold, and Douglas W. Poland, Grand Rapids, for Mary-Lynn Heyd, David Beglinger, and James Beglinger.
Kemp, Klein, Umphrey & Endelman, P.C. by Joseph P. Buttiglieri, Troy, for Margaret Beglinger and Judy Ann Champine.
Before DOCTOROFF, C.J., and WAHLS and SMOLENSKI, JJ.
WAHLS, Judge.
Contestants appeal as of right from the trial court's order granting respondents' motion for summary disposition in this case challenging the trust of decedent, Walter E. Beglinger, Sr. We affirm.
Respondents are the third wife and stepdaughter of Walter. Contestants are three of Walter's six natural children. At the time of Walter's death, all of his assets were either owned jointly with his wife or were in his trust. The trust stated that each of his children was to receive $10,000 and each of his grandchildren $5,000, but that the balance of the trust was left to his wife and stepdaughter.
Sometime in February 1994, an attorney for respondents requested that contestants sign an Acceptance of Distribution in order to receive the $1 owed to them under Walter's will and the $10,000 owed to them under the trust. On August 1, 1994, contestants wrote to respondents requesting that
the Trust promptly remit to Mary-Lynn, David, and Jim the $10,001 due to each of them and all amounts due to Walter's grandchildren under the Will and Trust referenced in your prior correspondence.
Subsequently, contestants received from respondents $10,001 each and signed an acknowledgment of receipt for these funds.
On November 3, 1994, contestants filed this petition to set aside the trust. They claimed that Walter lacked capacity to form the trust, that the trust did not reflect Walter's intent, that the trust was the result of the undue influence of respondent Margaret Beglinger, and that the trust was the result of the misrepresentations of Margaret. The probate court granted respondents' motion for summary disposition pursuant to M.C.R. § 2.116(C)(7). The court found that contestants had received all payments due them under the trust and, therefore, had acquiesced to the validity of the document. The court stated that it would be inequitable for contestants to be allowed to pursue their claim and that contestants were therefore estopped from challenging the trust.
Contestants argue that the probate court erred in granting respondents' motion for summary disposition. We disagree. When reviewing a motion for summary disposition granted pursuant to M.C.R. § 2.116(C)(7), this Court must accept as true the nonmoving party's well-pleaded allegations and construe them in a light most favorable to that party. Florence v. Dep't of Social Services, 215 Mich.App. 211, 213, 544 N.W.2d 723 (1996). The motion should not be granted unless no factual development could provide a basis for recovery. Id., pp. 213-214, 544 N.W.2d 723. This Court reviews a summary disposition determination de novo as a question of law. Id., p. 214, 544 N.W.2d 723.
There are several equitable theories under which a party may be barred from challenging a will or trust. The doctrine of equitable estoppel rests on broad principles *132 of justice. Penny v. ABA Pharmaceutical Co. (On Remand), 203 Mich.App. 178, 183, 511 N.W.2d 896 (1993). It arises where: (1) a party by representations, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is allowed to deny the existence of the facts. Soltis v. First of America Bank, 203 Mich.App. 435, 444, 513 N.W.2d 148 (1994); Penny, supra,p. 183, 511 N.W.2d 896.
The doctrine of election (also termed estoppel by acceptance) is an extension of the law of equitable estoppel. Holzbaugh v. Detroit Bank & Trust Co., 371 Mich. 432, 436, 124 N.W.2d 267 (1963). Under the doctrine of election, a "person cannot accept and reject the instrument, or, having availed himself of it as to part, defeat its provisions in any other part." Id. As the Court stated (quoting Jacobs v. Miller, 50 Mich. 119, 126-127,15 N.W. 42 [1883]):
"Among the rules which have become axiomatic is one that a party must be consistent and not contradictory in the positions which he takes. In the language of Lord Kenyon he must not `blow hot and cold' at the same time.... [A] person cannot claim under the instrument without confirming it. He must found his claim on the whole and cannot adopt that feature or operation which makes in his favor and at the same time repudiate or contradict another feature or operation which is counter or adverse to it." [Holzbaugh, supra, p. 436,124 N.W.2d 267.]
Acquiescence and ratification are based on a party's knowledge of a prior action and manifest an intent to abide by the action. In re Smith's Estate, 282 Mich. 566, 575-576, 276 N.W. 554 (1937); see Newton v. Old-Merchants Nat'l Bank & Trust Co., 299 Mich. 499, 514, 300 N.W. 859 (1941). Ratification cannot occur where the party to be bound is acting "under the influence of misrepresentation, concealment or other wrongful conduct of the trustee." In re Green Charitable Trust, 172 Mich.App. 298, 329, 431 N.W.2d 492 (1988).
Here, contestants each accepted $10,000 from respondents under Walter's trust and $1 under his will. Under the doctrine of election, a party who accepts a benefit under a will adopts the whole and renounces every right inconsistent with it. In re Joffe, 143 Ill.App.3d 438, 440-441, 97 Ill. Dec. 588, 493 N.E.2d 70 (1986); 96 CJS, Wills, § 1149, p. 944, n 73. In Michigan, this principle was applied to a party who accepted benefits under a testamentary trust. Holzbaugh, supra,p. 437, 124 N.W.2d 267. Contestants' attempt to challenge the trust after having elected to accept its benefits is an attempt to "blow hot and cold at the same time" and is barred.Id., p. 436, 124 N.W.2d 267. This is not a case where contestants' acceptance of the trust constituted a detriment and not a benefit. See CJS, supra, p. 947, n 4.
The fact that the period between contestants' election and their initiation of this suit was less than the eighteen years in Holzbaugh is a difference of degree, not of kind. See CJS, supra, p. 945, ns. 80, 81 (The general rule is "particularly true ... where an unreasonable period of time has elapsed between the acceptance and the advancement of the inconsistent claim, and [the contestant] has, during the period, been in possession of the facts on which his contention is founded."). In addition, the fact that respondents allegedly knew that contestants planned to contest the trust is immaterial. The doctrine of election focuses on the conduct and knowledge of the contestants. Finally, although respondents would have to show prejudice under the doctrine of equitable estoppel, Public Health Dep't v. Rivergate Manor, 452 Mich. 495, 508, 550 N.W.2d 515 (1996); Lilly v. Townsend, 110 Mich. 253, 258-259, 68 N.W. 136 (1896), our decision is based on the doctrine of election. Election is an extension of the law of estoppel, but the two doctrines are not identical. See Holzbaugh, supra, p. 436,124 N.W.2d 267.
Although prejudice is not required under the general rule of election, it is relevant to the fraud and deception exception to the general rule. This exception states:
The general rule of estoppel by acceptance is subject to the qualification that if *133 the benefit was received by the beneficiary without knowledge of his right to elect between the benefit so conferred and of his right to the property outside of the will, or in ignorance of the value of the property devised, or of the nature of the estate devised, or of facts showing the invalidity of the will, or if he was induced by fraud or deception to accept the benefit conferred by the instrument, he may withdraw the acceptance and contest the validity of the instrument and claim under the law, provided innocent third persons will not suffer by such withdrawal, and provided further that there has been no unreasonable delay in exercising the right of withdrawal, and that he pay into court the benefits received. [CJS, supra, pp 947-948, ns 16-23.]
Here, we need not determine if contestants accepted benefits of the trust in ignorance of facts showing its invalidity. It is undisputed that contestants did not tender back the benefits that they had received pursuant to the trust before the initiation of this action. Accordingly, the fraud and deception exception does not apply. Id.; Joffe, supra, pp. 442-443, 97 Ill.Dec. 588, 493 N.E.2d 70. Although contestants claim that they were each entitled to at least $10,000 under any disposition of Walter's estate, we do not wish to engage in speculation with respect to what petitioners would have been entitled to had the trust been set aside. Joffe, supra, p. 443, 97 Ill.Dec. 588, 493 N.E.2d 70.
Contestants also argue that the trial court erred in denying their motion for reconsideration where they tendered return of all distributions. We disagree. This Court reviews a trial court's decision to deny a motion for reconsideration for an abuse of discretion. Cason v. Auto Owners Ins. Co., 181 Mich.App. 600, 609, 450 N.W.2d 6 (1989). Respondents' tender was untimely. Joffe, supra, pp. 442-444, 97 Ill.Dec. 588, 493 N.E.2d 70. Accordingly, contestants have not shown that the trial court made a palpable error or that a different disposition of respondents' motion for summary disposition would result from correction of the error. M.C.R. § 2.119(F)(3).
Affirmed.
DOCTOROFF, C.J., concurred.
SMOLENSKI, Judge (dissenting).
I respectfully dissent. I cannot conclude under the specific facts of this case and the applicable law that summary disposition was properly granted in favor of respondents. I would reverse and remand for further proceedings.