*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KATRINA MOORE and CEDRIC PORSCHE
STRINGER II,

UNPUBLISHED
September 12, 2024

Plaintiffs,

and

COREY COURTNEY MCCRAY,

Plaintiff-Appellant,

and

UNIQUE LAB SOLUTIONS, LLC and
LABORATORY SPECIALISTS OF MICHIGAN,
LLC,

Intervening Plaintiffs,

v

No. 365285
Wayne Circuit Court
LC No. 20-008432-NF

ALLSTATE INSURANCE COMPANY,

Defendant-Appellant,

and

ENTERPRISE LEASING COMPANY OF
DETROIT, LLC,

Defendant.

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

-1-

Plaintiff, Corey Courtney McCray, appeals by leave granted,[1] challenging an order granting defendant Allstate Insurance Company's (Allstate) motion for summary disposition of McCray's claim for no-fault benefits, and denying McCray's motions for relief from judgment and for reconsideration. We affirm.

McCray was injured in a motor vehicle accident while a passenger in a vehicle rented from Enterprise Leasing Company of Detroit, LLC. McCray applied to the Michigan Assigned Claims Plan (MACP) for no-fault benefits, and his claim was assigned to Allstate. During his deposition, McCray testified that, at the time of the accident, he had a 2005 Cadillac CTS which was insured by Bristol West Preferred Insurance Company (Bristol West). As a result of this testimony, Allstate moved for summary disposition under MCR 2.116(C)(10), arguing that McCray knowingly submitted an application for benefits to the MACP despite having insurance coverage through Bristol West. The trial court agreed and granted Allstate's motion. Subsequently, the trial court denied McCray's motions to reopen the case and for reconsideration. This appeal followed.

McCray argues that the trial court erred by dismissing his case and denying his motions for relief from judgment and for reconsideration because Bristol West ultimately denied his claim for no-fault insurance benefits. We disagree.

## I. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Estate of Voutsaras v Bender*, 326 Mich App 667, 671-672; 929 NW2d 809 (2019). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 173; 858 NW2d 765 (2014) (citation omitted). The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The party opposing the motion must then establish by evidentiary materials that a genuine issue of disputed fact exists. *Id*. at 362-363. After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). If reasonable minds could differ on an issue, a genuine

---

[1] Defendant Allstate Insurance Company challenges this Court's jurisdiction over this appeal pursuant to MCR 7.205(A). McCray filed a timely claim of appeal from a February 28, 2023 order, which this Court determined was not a final order pursuant to MCR 7.202(6)(a)(i) because it did not dispose of the intervening complaint by Laboratory Specialists of Michigan, LLC. *Moore v Allstate Ins Co*, unpublished order of the Court of Appeals, entered May 11, 2023 (Docket No. 365285). This Court further ordered that the dismissal was without prejudice to the filing of a late appeal under MCR 7.205(A)(4), provided that the filing met all requirements and was timely. *Id*. After a failed attempt to file an order of dismissal by Laboratory Specialists, this Court granted McCray's motion for reconsideration to the extent that his claim of appeal was treated as an application for leave to appeal and leave to appeal was granted. *Moore v Allstate Ins Co*, unpublished order of the Court of Appeals, entered June 20, 2023 (Docket No. 365285). Consequently, Allstate's jurisdictional challenge is without merit.

issue of material fact exists. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

This Court reviews for an abuse of discretion the trial court's decisions on a motion for relief from judgment under MCR 2.612 and a motion for reconsideration. *Peterson v Auto-Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007); *In re Beglinger Trust*, 221 Mich App 273, 279, 561 NW2d 130 (1997). An abuse of discretion occurs when the trial court's decision was outside the range of reasonable and principled outcomes. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018) (citation omitted).

## II. SUMMARY DISPOSITION

In its motion for summary disposition, Allstate argued that it should be dismissed from the case because McCray identified another potential insurer during his deposition that would have been higher in priority than Allstate. McCray opposed Allstate's dismissal, arguing that Allstate was obligated as an assigned insurer to pay benefits and seek reimbursement from a subsequently discovered higher priority insurer. In the alternative, McCray argued, he should have been allowed to amend his complaint to add Bristol West as a defendant so that the trial court could determine which insurance company was responsible for McCray's no-fault benefits.

When a person is injured in a motor vehicle accident, the injured person must pursue a claim for personal injury protection (PIP) benefits from "insurers according to the listed order of priority." *Griffin v Trumbull Ins Co*, 509 Mich 484, 498; 983 NW2d 760 (2022). Such benefits will be paid under a no-fault policy if the person is named in the policy or resides with a relative named in a policy. MCL 500.3114(1). Generally, a person must look to their own insurer for no-fault benefits unless a statutory exception applies. *Griffin*, 509 Mich at 498 (citation omitted). MCL 500.3114(4) provides that "a person who suffers accidental bodily injury from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy . . . shall claim personal protection insurance benefits under the assigned claims plan . . . ." See, also, MCL 500.3172(1). However, the MACP-insurer is "the insurer of the last priority." *Spencer v Citizens Ins Co*, 239 Mich App 291, 301; 608 NW2d 113 (2000).

Pursuant to MCL 500.3114, the claimant has the responsibility to claim PIP benefits from the specified list of potential insurers. *Griffin*, 509 Mich at 500. In order to claim these benefits, the claimant must "submit insurance claims stating an entitlement to benefits and requesting payment." *Id*. Our Supreme Court has advised that a claimant must be diligent in his pursuit of a claim for PIP benefits. *Id*. "Due diligence requires a good-faith effort to fulfill a legal obligation or requirement that could ordinarily be expected of a person under the factual circumstances." *Id*. Due diligence does not require a claimant to pursue every insurance carrier "that is theoretically or abstractly possible." *Id*. at 501. Rather, due diligence is "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." *Id*. at 500 (quotation marks and citation omitted; alteration in original). The Supreme Court also explained that "[r]equiring a claimant to identify potential insurers and pursue a PIP benefits claim with due diligence is consistent with the purpose of the no-fault act and its limitation period." *Id*. at 501. The issue whether a claimant exercised due diligence in identifying possible insurers is a fact specific determination, which must be made on a case-by-case basis. *Id*.

Applying *Griffin* to the facts of this case, no genuine issue of fact exists that McCray did not act with due diligence in identifying possible insurers, such as Bristol West, and submitting a claim requesting payment of PIP benefits before he applied to the MACP. The accident occurred in July 2019 and McCray did not submit a claim to Bristol West until after the trial court granted Allstate's motion for summary disposition in 2022. However, McCray was aware of possible coverage through Bristol West. During McCray's deposition, McCray testified that at the time of the accident he had a Cadillac CTS, and it was insured through Bristol West. McCray further testified that around the time of the accident, the Cadillac CTS was his only mode of transportation. McCray obtained the Cadillac CTS in 2015 and still had it at the time of his deposition. McCray had a Dodge Journey at the time of the deposition that was also insured by Bristol West. Despite his testimony, McCray failed to offer any evidence that he ever pursued a timely claim with Bristol West claiming an entitlement to PIP benefits and requesting payment.

In its motion for summary disposition, Allstate argued that McCray identified another potential insurer—Bristol West—during his deposition that would have been higher in priority than Allstate. It was then incumbent on McCray, as the party opposing the motion, to establish by evidentiary materials that a genuine issue of disputed fact existed on that issue. *Quinto*, 451 Mich at 362. In other words, McCray had to establish by evidentiary materials that a genuine issue of disputed fact existed with regard to his lack of entitlement to PIP benefits from Bristol West. But McCray failed to present any evidence refuting his deposition testimony in his response to Allstate's motion for summary disposition. And we reject McCray's suggestion that the MACP-assigned-insurer is required to pay every claim for benefits submitted regardless of whether the claimant even sought benefits under the claimant's own insurance policy. See *Griffin*, 509 Mich at 500. Accordingly, the trial court properly granted Allstate's motion for summary disposition.

### III. RELIEF FROM JUDGMENT

McCray next argues that the trial court erred by failing to grant his motion for relief from judgment under MCR 2.612(A)(1) and (C)(1)(b). We disagree.

MCR 2.612(A)(1) and (C)(1)(b) provide:

> (A) Clerical Mistakes.
>
> (1) Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on a motion of a party and after notice, if the court orders it.
>
> * * *
>
> (C) Grounds for Relief from Judgment.
>
> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> * * *

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

After the trial court granted Allstate's motion and dismissed his case, McCray applied for no-fault benefits from Bristol West, which was denied. McCray relied on the denial letter to support his motion for relief from the dismissal order under MCR 2.612(C)(1)(b), i.e., based on newly discovered evidence. However, a party seeking postjudgment relief on the basis of newly discovered evidence must show: (1) the evidence, not simply its materiality, is newly discovered, (2) the evidence is not merely cumulative, (3) the newly discovered evidence is likely to change the result, and (4) the party moving for relief from judgment was not able to produce the evidence with reasonable diligence. *South Macomb Disposal Auth v American Ins Co*, 243 Mich 647, 655; 625 NW2d 40 (2000).

McCray failed to establish that his denial of benefits by Bristol West was newly discovered evidence because he failed to exercise due diligence to inquire into any possible coverage through Bristol West. McCray's deposition established his knowledge of Bristol West insurance at the time of the accident. Yet McCray did not inquire into possible coverage through Bristol West until after the trial court granted Allstate's motion for summary disposition. In his motion for relief from judgment, McCray asserted that since the trial court granted Allstate's motion, he had "been diligently reaching out to Bristol West seeking confirmation of the status of coverage for Plaintiff McCray in order to address the issues on which this Honorable Court decided the Motion, based on its Order." The letter that Bristol West sent to McCray's trial counsel denying benefits stated that it received the claim for benefits from McCray on March 9, 2022, which was the day after the trial court entered its order granting summary disposition. The Bristol West information was not unavailable to McCray when Allstate filed its motion. Rather, McCray did not exercise due diligence to seek readily available information until after the trial court decided the motion.

And further, the denial letter indicated that Bristol West denied McCray's claim for benefits on the basis of the statute of limitations and MCL 500.3145, the one-year-back-rule. The letter also indicated that it did not list all the reasons on which Bristol West relied to deny McCray's claim for PIP benefits, and Bristol West did not waive any other defenses allowed by law or the insurance policy. Importantly, Bristol West did not specifically state in the letter that McCray lacked insurance coverage through Bristol West at the time of the accident. Accordingly, the trial court did not abuse its discretion when it denied McCray's motion for relief from judgment based on newly discovered evidence.

Moreover, to the extent McCray argues that the trial court made a clerical mistake by failing to address his request to amend the complaint to add Bristol West as a defendant, that issue is not properly before this Court. McCray has waived this issue by failing to include it in his statement of questions presented. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019). "An issue not contained in the statement of questions presented is waived on appeal." *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). Waiver precludes appellate review and eliminates any error. *The Cadle Co v Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009). In addition, this issue is not properly before this Court because the trial court did not enter an order or judgment denying a request to amend the complaint. See *Lown v JJ Eaton Place*, 235 Mich App 721, 725-726; 598 NW2d 633 (1999). In fact, it does not appear

that McCray even filed a motion to amend his complaint. See MCR 2.118; MCR 2.119. Consequently, there was no clerical mistake within the contemplation of MCR 2.612(A)(1).

## IV. RECONSIDERATION

McCray also argues that the trial court abused its discretion in denying his motion for reconsideration because the following palpable errors occurred: Bristol West did not deny benefits until after the trial court decided Allstate's motion; Allstate's dispute of priority did not relieve Allstate's obligation to pay McCray's benefits; McCray did not testify that he was personally covered by another insurance policy; and registration records established that McCray was not the registered owner of the Cadillac at the time of the accident. We disagree.

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

McCray's argument that Bristol West did not deny PIP benefits until after the trial court decided Allstate's motion ignores the fact that McCray did not even apply to Bristol West for benefits until after the trial court granted Allstate's motion. McCray failed to exercise due diligence in seeking PIP benefits from all potential insurers. McCray was aware of possible coverage through Bristol West's coverage of the Cadillac CTS, which was McCray's primary mode of transportation at the time of the accident.

McCray's argument that Allstate's dispute of priority did not relieve it from its obligation to pay McCray's benefits ignores that Allstate may never have been assigned to McCray's claim if McCray had diligently pursued his claim with Bristol West.

And contrary to McCray's argument, he did testify conclusively in his deposition that he had the Cadillac CTS at the time of the accident—it was his only mode of transportation—and that vehicle was insured through Bristol West at the time of the accident.

Finally, McCray failed to introduce evidence of the Cadillac CTS's registration records until after the trial court granted Allstate's motion for summary disposition. Because McCray was aware of his ownership, possession, or use of the Cadillac CTS, the registration records did not constitute newly discovered evidence and should have been presented in opposition of Allstate's motion for summary disposition. Moreover, McCray did not have to be the "registered owner" of the Cadillac at the time of the accident to be considered an "owner" under MCL 500.3101(3)(l).

Consequently, the trial court did not abuse its discretion in denying McCray's motion for reconsideration.

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly